USCA1 Opinion

 

 [NOT FOR PUBLICATION] ____________________
No. 91-1697 EASTLAND BANK, Plaintiff, Appellant, v. MASSBANK FOR SAVINGS, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ____________________ Before Campbell and Torruella, Circuit Judges, and Pollak, Senior District Judge. ____________________ William R. Grimm with whom Michael J. McGovern and Hinckley, Allen,
Snyder & Comen were on brief for appellant. Raymond J. Brassard with whom Brian A. Joyce and Rackemann, Sawyer
& Brewster were on brief for appellee. ____________________ ____________________ Per Curiam. Substantially for the same reasons set
out in the Memorandum and Order of the district court dated
June 18, 1991, we affirm the judgment of that court. We add that we agree with the court and with
MassBank, that letters of credit are to be liberally read, in
a common sense manner consistent with their underlying purpose
to provide the beneficiary with prompt access to promised
funds. See Dovenmuehle v. East Bank of Colorado Springs, 38
Colo. App. 507, 563 P.2d 24 (1977), aff'd, 196 Colo. 422, 589
P.2d 1361 (1978). Mass. Gen. L. ch. 106, 5-114(2). Eastland, the issuer, would have us read the letter
of credit in a way that would negate the purpose it was
obviously provided to serve. Eastland suggests that the
condition that "the amount of the accompanying draft represents
the sum required to cure such default," limits payment of the
draft to only "punch list" situations where the project is
virtually complete, and the provided credit will be no more
than enough to complete the project. Eastland recognizes that
its construction might seem to render the instrument
implausibly ineffective. It would require a default to occur
at just the right moment and in just the right amount. To
bolster its construction, Eastland argues that MassBank would
have the means to reach the credit by using its own funds,
after the borrower's default, to complete most of the project,
leaving to be paid an amount no larger than the letter of
credit. But if MassBank were to pay from its own pocket to
complete most of the project, its action would not lessen the
amount needed to "cure" (in the sense of fully pay off) Lane
Homes' default. The borrower's default was to the lender,
MassBank. MassBank would not lessen the size of the default to
itself by completing the project on its own. The default would
remain precisely what it was, leaving the letter of credit
useless under Eastland's overall reading. Given the implausibility of Eastland's suggested
interpretation, as well as the absence of any showing of a
relevant factual basis therefor, there was no issue to be
tried. The letter of credit was plainly meant to provide
MassBank with a readily available cash offset against default
up to the letter's face amount. The word "cure" clarified that
the issuer's obligation would not exceed the amount of the
default. That the letter of credit would cease to be available
if the default exceeded the letter amount is a position so
incongruous as to have escaped imagining. Affirmed. Costs to appellee.